| | |
|---|---|
| DISTRICT COURT, LARIMER COUNTY<br>STATE OF COLORADO<br><br>Address:    201 LaPorte Ave.<br>             Ft. Collins, CO 80521<br><br><br>Telephone:  (970) 494-3500 | DATE FILED: April 6, 2023 3:43 PM<br>FILING ID: 9647C61596ED4<br>CASE NUMBER: 2023CV30253 |
| Plaintiff:    **TAMMY S. JOHNSON**<br><br>v.<br><br>Defendant:  **TK ELEVATOR CORPORATION** | **FOR COURT USE ONLY** |
| *Attorneys for Plaintiff:*<br>         Gregory A. Gold, #26064<br>         The Gold Law Firm, L.L.C.<br>         7375 E. Orchard Rd., Ste. 300<br>         Greenwood Village, CO 80111<br>Phone No.:   (303) 694-4653<br>Fax No.:     (303) 468-6155<br>Email:       greg@thegoldlawfirm.net<br><br>         Lars F. Bergstrom, #30288<br>         The Bergstrom Law Office, LLC<br>         Of Counsel to:<br>         The Gold Law Firm, L.L.C.<br>         7375 E. Orchard Rd., Ste. 300<br>         Greenwood Village, CO 80111<br>Phone No.:   (303) 694-4653<br>Fax No.:      (303) 468-6155<br>Email:       lars@thegoldlawfirm.net | Case No.:<br><br>Division: |
| **PLAINTIFF'S COMPLAINT FOR DAMAGES** | |

COMES NOW Plaintiff Tammy S. Johnson ("Plaintiff" or "Ms. Johnson), by and through her counsel of record, THE GOLD LAW FIRM, L.L.C., and for her Complaint for Damages against Defendant, states and alleges as follows:

## GENERAL ALLEGATIONS

1. Plaintiff, Tammy S. Johnson, was at all times relevant, a resident of the City of Fort Collins, County of Larimer, State of Colorado.

Exhibit A

2. Defendant TK Elevator Corporation is a Delaware corporation authorized to do business in the State of Colorado with its registered agent, The Prentice-Hall Corporation System, Inc., located at 1900 W. Littleton Boulevard in Littleton, Colorado 80120.

3. The Court has jurisdiction over the subject matter of this action and all parties hereto.

4. Pursuant to C.R.C.P. 98(c), venue is proper in the District Court for the County of Larimer as this is an action for tort and the tort at issue was committed in Larimer County.

**FACTUAL STATEMENT**

5. Plaintiff incorporates by reference the allegations of all other paragraphs as though fully set forth herein.

6. On or about April 21, 2021, Ms. Johnson entered the Larimer County building located at 200 Peridot Avenue in Loveland, Colorado in order to start her day as an employee of the Facilities Department of Larimer County.

7. Ms. Johnson entered an elevator with the intention of proceeding to the second floor. Ms. Johnson was an "Invitee" on the Premises as that term is defined under the Colorado Premises Liability Act.

8. Suddenly and without warning, the elevator dropped and stopped abruptly.

9. The elevator drop caused Ms. Johnson to slam to the floor of the elevator causing injury.

10. The malfunctioning elevator created a dangerous condition on the Premises.

11. Ms. Johnson was trapped in the elevator and had to be extricated by the Loveland Fire Department.

12. Upon information and belief, Defendant TK Elevator Corporation was responsible for the maintenance and repair of the elevator where Plaintiff was injured.

13. The elevator was not in proper repair.

14. The elevator posed an unreasonable risk of injury to passengers on it.

15. The malfunctioning elevator car created a dangerous condition.

16. Defendant and its employees were responsible for providing safe elevators in the subject office building for the public, including Plaintiff.

17. Defendant knew or should have known of the unreasonably dangerous condition created by the malfunctioning elevator.

18. Defendant failed to exercise reasonable care to maintain the Premises.

19. The Defendant's negligence caused injuries, damages and losses to Plaintiff including, but not necessarily limited to, injuries to her neck and back.

20. The Defendant's negligence caused permanent injuries and disability, physical and mental pain and suffering, past and future medical expenses, loss of past wages and impairment of earning capacity, emotional distress, loss of enjoyment of life and permanent physical impairment.

21. As a direct and proximate result of Defendant's negligence and/or carelessness and/or violation of the Premises Liability Act, Plaintiff has been rendered more vulnerable to subsequent injuries, including but not limited to, the risk of additional or other injury.

### FIRST CLAIM FOR RELIEF
### (Colorado Premises Liability Act, C.R.S. § 13-21-115)

22. Plaintiff incorporates by reference the allegations of all other paragraphs as though fully set forth herein.

23. At the time Plaintiff was injured by the malfunctioning elevator, the Defendant was a "landowner" of the premises within the meaning of C.R.S. § 13-21-115(1).

24. At the time Plaintiff was injured by the malfunctioning elevator, it was Defendant's express representation that the public, including Plaintiff, was requested, expected and intended to enter or remain upon the Premises.

25. Plaintiff was an 'Invitee' within the meaning of C.R.S. § 13-21-115(1).

26. Defendant owed Plaintiff a duty of care consistent with that of the presence of an invitee.

27. Defendant breached its duty of care to Plaintiff.

28. Defendant and its employees and/or agents knew or in the exercise of reasonable care should have known of the dangers associated with the condition of the Premises including the malfunctioning elevator.

29. Defendant and its employees and/or agents failed to use reasonable care to protect against the known dangers associated with the condition of the Premises and the activities conducted and the dangerous circumstances existing on the Premises including the malfunctioning elevator.

30. Defendant and its employees/agents were negligent for failing to use reasonable care to protect against the dangers associated with the malfunctioning elevator.

31. Defendant and its employees/agents were negligent for failing to properly train its employees/agents concerning the dangers associated with the malfunctioning elevator.

32. Defendant and its employees and/or agents negligently failed to warn Plaintiff of the dangers associated with the malfunctioning elevator.

33. At all times material hereto, Defendant had a non-delegable duty to Plaintiff to maintain the Premises in a safe condition and to exercise reasonable case to protect against dangers associated with the activities conducted or circumstances existing on the Premises of which they knew or with the exercise of reasonable care should have known.

34. Such an elevator fall ordinarily does not occur in the absence of negligence and is within the scope of Defendant's duty to Ms. Johnson and others similarly situated.

35. Defendant's negligence and carelessness described herein was a violation of the Premises Liability Act, C.R.S. § 13-21-115 and created or contributed to an unreasonable risk of harm.

36. Defendant's breach caused Plaintiff injuries, damages and losses which are more fully set forth above.

## SECOND CLAIM FOR RELIEF
### (Negligence)

37. Plaintiff incorporates by reference the allegations of all other paragraphs as though fully set forth herein.

38. The Plaintiff's being injured by the malfunctioning elevator was caused by Defendant's negligence.

39. Defendant was negligent for failing to do an act which reasonably careful persons would do, or for doing an act which reasonably careful persons would not do under the same or similar circumstances, to protect themselves or others from bodily injury and property damage.

40. Defendant acted or failed to act, which, in natural and probable sequences, produced Plaintiff's injuries and without which Plaintiff's injuries would not have occurred.

41. Injury to people in Plaintiff's situation was a reasonably foreseeable consequence of Defendant's negligence.

42. Defendant's negligence was a cause of Plaintiff's injuries, damages and losses which are more fully set forth above.

43. Such an elevator fall ordinarily does not occur in the absence of negligence and is within the scope of Defendant's duty to Ms. Johnson and others similarly situated.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant, for an amount as determined by the evidence in compensatory damages, and awarding costs as allowed by law, including expert witness fees, filing fees, prejudgment interest from the date of the incident, post judgment interest and all other fees, costs and damages as allowed and permitted by law.

Respectfully submitted this 6th day of April, 2023.

THE GOLD LAW FIRM

BY: */s/ Gregory A. Gold*
Gregory A. Gold, # 26064
Dorothy H. Dean, #13292
The Gold Law Firm, LLC
7375 East Orchard Road, Suite 300
Greenwood Village, CO 80111
Telephone: (303) 694-4653
Facsimile: (303) 468-6155

Plaintiff's Address
7375 East Orchard Road, Suite 300
Greenwood Village, CO 80111